United States District Court
Southern District of Texas
**ENTERED**
March 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOSES KANJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-738 |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC., *and* THE BANK OF NEW | § | |
| YORK MELLON TRUST | § | |
| COMPANY, N.A., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment and Brief in Support (Document No. 23). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a mortgage foreclosure case concerning real property located at 4711 Menlo Park, Sugar Land, Texas 77479 (the "Property"). Plaintiff Moses Kanja ("Kanja") allegedly has rights to the Property. Kanja alleges Defendants Select Portfolio Servicing, Inc., ("SPS") and the Bank of New York Mellon Trust Company, N.A., (the "Bank") seek to take possession of the Property following a foreclosure sale but have no right to do so.

Based on the foregoing, on March 1, 2018, Kanja filed this lawsuit against SPS in the 268th District Court of Fort Bend County, Texas. On March 8, 2018, SPS removed the case to this Court on the basis of diversity jurisdiction. On April 12, 2018, the Bank was added as a party. On September 28, 2018, Kanja filed an amended complaint for injunctive relief (the "Amended Complaint"), seeking to "stop [SPS and the Bank] from selling or otherwise disposing of or conveying in whole or in part [the Property.]"[1] On January 31, 2019, SPS and the Bank (collectively, "Defendants") moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

---

[1] *Complaint and Request for Injunction*, Document No. 13, ¶ 5.

"A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Further, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may

not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

Defendants move for summary judgment, contending Kanja fails to show he is entitled to relief as a matter of law. Kanja did not respond to the motion for summary judgment. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Notice of a foreclosure sale need only be provided to a party under the relevant deed of trust or to a debtor under the relevant loan. *Rodriguez v. Ocwen Loan Serv., Inc.*, 306 F. App'x 854, 855–56 (5th Cir. 2009) (per curiam). "A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim." *Spady v. Am.'s Serv. Co.*, No. CIV.A. H-11-2526, 2012 WL 1884115, at *5 (S.D. Tex. May 21, 2012) (Hoyt, J.). Such a "fatally defective" claim is properly disposed of on summary judgment. *Id.* Defendants state Kanja is not a party under the relevant deed of trust or a debtor under the relevant loan. Kanja does not allege, or produce any evidence showing, he is a party under the relevant deed of trust or a debtor under the relevant loan. The Amended Complaint's sole request is for injunctive relief. However, the request for

4

injunctive relief is not supported by a cause of action. Kanja was not entitled to note of any alleged foreclosure sale because he was not a party under the relevant deed of trust or a debtor under the relevant loan. The Court finds Kanja fails to show he is entitled to relief as a matter of law. Thus, the Court finds the motion for summary judgment should be granted. Accordingly, the motion for summary judgment is granted.[2]

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion for Summary Judgment and Brief in Support (Document No. 23) is **GRANTED**.[3]

The Court will issue a separate final judgment.

---

[2] Defendants further contend summary judgment is proper as to claims allegedly raised in the original complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The Amended Complaint does not specifically refer to and adopt, or incorporate by reference, the original complaint. The Amended Complaint therefore supersedes the original complaint. Thus, the Court need not further address Defendants' contentions as to claims allegedly raised in the original complaint.

[3] Also pending before the Court are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Document No. 20) and Plaintiff's Motion for Extension of Time or to Expedite (Document No. 21). In light of the Court's holding, these motions are denied as moot.

SIGNED at Houston, Texas, on this __12__ day of March, 2019.

DAVID HITTNER
United States District Judge